UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOHN WALDEN,

                             Petitioner,                          19-CV-11409 (GBD)(SN)

                -against-                                    **ORDER**

SUPERINTENDENT WALCOTT,
ORLEANS CORRECTIONAL FACILITY,

                             Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

    *Pro se* petitioner John Walden filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 12, 2019 (the "Petition") against Superintendent Walcott of the Orleans Correctional Facility ("Respondent"). Respondent properly entered an appearance on February 20, 2020, and filed an affidavit of service of the appearance on the docket. ECF No. 8. On March 19, 2020, Petitioner filed a motion to strike Respondent's appearance for failing to include an affidavit of service and requested that the Court order Respondent to answer. ECF No. 16. Petitioner also argued that he was not "on notice of a new [r]eturn date" and that the "time to extend was untimely." Id. Over Petitioner's objection, the Court subsequently granted a first request by Respondent for an extension of time to answer the Petition. See ECF No. 12. The Court granted a second request for an extension of time to respond and Respondent filed a motion to dismiss the Petition on May 11, 2020. ECF Nos. 21, 24. Respondent filed a certificate of service of the motion and supporting papers on May 11, 2020. ECF No. 28. Because Respondent's appearance was proper, Petitioner received notice of the appearance, and Respondent has timely moved to dismiss the Petition, Petitioner's motion to strike is DENIED.

Petitioner subsequently filed a "Notice of Motion Pursuant to Rule 12(b)(6)" on June 15, 2020, and an amended version of that filing on July 7, 2020. The Court construes Petitioner's July 7, 2020 submission to be his Opposition to Respondent's motion to dismiss the Petition. Respondent did not submit a Reply in further support of its motion. Therefore, the Petition is fully briefed. The Court did not order supplemental briefing and does not require further briefing at this time; the Court will decide the Petition on the papers without a hearing.

Finally, since the Petition became fully briefed, Petitioner has submitted numerous letters seeking various forms of relief and status updates. First, Petitioner makes several requests for telephone calls or a "mandatory conference" with the Court as "required by rule 16(b) and rule 26(f)." See, e.g., ECF Nos. 40–42. These requests are denied. Under Local Civil Rule 16.1, matters involving habeas corpus petitions, such as the Petition, are exempted from the mandatory scheduling order required by Rule 16(b) and therefore do not require a meeting of the parties under Rule 26(f). Second, Petitioner requests the Court amend the docket sheet to accurately reflect the dates of his filings, to notify Respondent of Petitioner's 12(b)(6) motions, and to set a "return date" for those motions. Petitioner's requests to the Court to amend the docket sheet are also denied. Because the Respondent receives notifications of electronic filing through the Electronic Case Filing system, there is no record on the docket that the Respondent received notice of each filing. The Court has, however, independently reviewed the docket sheet and found no errors.

The Clerk of Court is respectfully directed to fulfill Petitioner's most recent request for a copy of the docket sheet, to mail a copy of this Order to the Petitioner, and to terminate the motion at ECF No. 16.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     August 21, 2020
               New York, New York