UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WALDEN,

                Petitioner,

-against-                                  20-CV-10940 (CM)

JULIE WOLCOTT, SUPRINTENDENT              ORDER
ORLEANS CORRECTIONAL FACILITY,

                Respondent.

COLLEEN McMAHON, Chief United States District Judge:

      On December 12, 2019, Petitioner John Walden, currently incarcerated in Orleans Correctional Facility in Albion, New York, filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his December 1, 2017 New York County judgment of conviction. *See Walden v. Walcott*, ECF 1:19-CV-11409, 2 (S.D.N.Y. filed Dec. 12, 2019) ("*Walden I*"). That petition is currently pending before Magistrate Judge Sarah Netburn. By order dated November 5, 2020, Magistrate Judge Netburn directed Petitioner to show cause why the petition should not be dismissed without prejudice for failure to exhaust certain claims raised in the petition. (*Walden I*, ECF No. 44.)

      On December 4, 2020, Petitioner filed this petition, styled as a petition brought under 28 U.S.C. § 2241, in the United States District Court for the Western District of New York. *See Walden v. Wolcott*, ECF 1:20-CV-10940, 1 (S.D.N.Y. filed Dec. 4, 2020) ("*Walden II*").[1] By order dated December 23, 2020, Western District Chief Judge Frank P. Geraci, Jr. transferred the petition to this Court, holding that the petition is in fact a challenge to Petitioner's underlying

---

[1] The case in the Western District was *Walden v. Wolcott*, No. 20-CV-7036 (W.D.N.Y. filed Dec. 4, 2020).

conviction and to a decision in *Walden I*, and that all the records relating to Petitioner's conviction and his § 2254 proceeding are located in the Southern District. (*Walden II*, ECF No. 2.)

On December 28, 2020, upon receiving this action from the Western District, the Clerk of Court opened the petition as a new action seeking a writ of *habeas corpus* under 28 U.S.C. § 2254, and assigned it a new case number. The Court has reviewed the petition and concludes that it should not have been opened as a new action. The petition is best construed as a motion for reconsideration of Magistrate Judge Netburn's November 5, 2020 order in Petitioner's open § 2254 action. The Court therefore directs the Clerk of Court to docket the petition in this action (ECF No. 1) as a motion for reconsideration of Magistrate Judge Netburn's November 5, 2020 order (ECF No. 44) in *Walden I*, No. 19-CV-11409, and to administratively close this action, *Walden II*, No. 20-CV-10940.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to docket the petition in this action (ECF No. 1) as a motion for reconsideration of Magistrate Judge Netburn's November 5, 2020 order (ECF No. 44) in *Walden I*, No. 19-CV-11409. The Clerk of Court is also directed to docket a copy of this order in *Walden I*, No. 19-CV-11409.

The Clerk of Court is also directed to administratively close this action, No. 20-CV-10940.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 12, 2021
         New York, New York

                                                  COLLEEN McMAHON
                                        Chief United States District Judge