UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

JOHN WALDEN,
                      Petitioner,

   -against-

WALCOTT, *Superintendent*,
                      Respondent.

MEMORANDUM DECISION AND ORDER

19 Civ. 11409 (GBD) (SN)

------------------------------------- X

GEORGE B. DANIELS, District Judge:

On December 12, 2019, *pro se* Petitioner John Walden petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to set aside his December 1, 2017 New York state judgment of conviction.[1] (Petition for Writ of Habeas Corpus, ECF No. 2.) His petition asserts nine different grounds for relief. (*See* Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 26, at 6-8.) After the assigned Magistrate Judge responded to certain procedural requests and additional submissions from the Petitioner, Respondent Superintendent Walcott moved to dismiss the petition as unexhausted. (Mot. to Dismiss, ECF No. 24.) Respondent's motion is GRANTED to the extent that seven of Petitioner's nine claims are unexhausted. The remaining two claims fail to assert grounds for relief, and therefore, are also DISMISSED.

Notwithstanding the procedural complexities of a habeas petition, it has been well settled that a state prisoner must first exhaust his claims in state court. *See* 28 U.S.C. § 2254(b); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). This requires a state petitioner to have "fairly presented to an appropriate state court the same federal constitutional claim that he now

---

[1] Walden pled guilty to nine counts of third-degree burglary and the state court sentenced him to an aggregate term of six to twelve years of incarceration. (*See* Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 26, at 1.)

urges upon the federal courts." *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (citation omitted).

On December 5, 2017, Petitioner moved the state court to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. (ECF No. 26 at 4.) The state court found that none of his claims warranted relief. (*See* State Court Record, ECF No 27-1, at 63-69.) The state court also found that some of his claims were procedurally barred because they should have been raised on direct appeal. (*Id.* at 68-69.) Respondent correctly identified that "[a]lthough petitioner raised some of his present [federal habeas] claims in his CPL § 440.10 motion, he did not raise all of them." (*Id.* at 10.) The claims he raised in his immediate federal habeas petition, but failed to raise in his CPL § 440.10 motion, are therefore unexhausted. None of his exhausted claims have merit.

Petitioner did not perfect his direct appeal. (ECF No. 26 at 6.) The claims that were procedurally barred from his CPL § 440.10 proceedings therefore are also unexhausted, because "[r]aising a claim through an improper channel will not exhaust these claims. (*See* Id. at 10 (citing *Dean v. Smith*, 753 F.2d 239, 241 n.4 (2d Cir. 1985)).) The result is that the following seven claims raised by Petitioner in the instant federal habeas corpus petition are dismissed as unexhausted: (1) petitioner's plea was involuntary (Ground Two); (2) the denial of petitioner's plea withdrawal motion denied petitioner his constitutional rights (Ground Three); (3) all of petitioner's ineffective assistance of counsel claims (Ground Five), except for any of his ineffective assistance of counsel claims related to (i) his attorneys misleading him and failing to contest the legitimacy of the indictment and the existence of certain evidence and (ii) that his

attorney's CPL § 30.30 motion was defective;[2] (4) the indictment was duplicitous (included in Ground Six); (5) the prosecutor falsified a lab report and an affirmation submitted in support of a request for petitioner's DNA sample (Ground Eight); and (6) petitioner was illegally sentenced as a predicate felon (Ground Nine). (*See* ECF No. 26 at 10-11.)[3]

Liberally construed, this leaves remaining some exhausted ineffective assistance of counsel claims and two other possibly exhausted claims: (1) that the police lacked probable cause when they arrested him, questioned him, and searched his home; and (2) that the state court lacked jurisdiction due to defective paperwork, including the felony complaint filed against him, which failed to include all the evidence that implicated him in the burglaries. (*See* ECF No. 26 at 1-2.) These claims are exhausted to the extent that he raised each of them in his CPL § 440.10 motion. (State Court Record, ECF No. 27-2, at 41-42.) A district court has the authority to review the merits of these remaining claims because a petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).[4]

---

[2] Petitioner's immediate petition alleges a litany of ineffective assistance of counsel claims against all five of the different attorneys who represented him in his criminal action. (ECF No. 2 at 4-8.)

[3] In fact, Petitioner was provided leniency in exhausting these claims. On November 5, 2020, Magistrate Judge Sarah Netburn issued an order to show cause why the petition should not be dismissed without prejudice for failure to exhaust certain claims raised in the petition. (Order to Show Cause, ECF No. 44.) Petitioner filed an objection to the order to show cause, which the Court construed as an opposition to the motion to dismiss. (See Letter Motion, ECF No. 47; Order, ECF No. 64.) Magistrate Judge Netburn then stayed the case and afforded Petitioner an opportunity to exhaust those claims. (Stay & Abeyance Order and R. & R., ECF No. 48.) Petitioner failed to avail himself of the leniency provided to him. (See Order Vacating the Stay & Abeyance Order and R. & R, ECF No. 60.) Petitioner made no effort to exhaust those claims.

[4] When a petitioner files a mixed petition of exhausted and unexhausted claims, a district court also has the authority to issue a stay to provide petitioner an opportunity to exhaust his claims or dismiss the petition in its entirety. *See Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001).

To state a claim for ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation was objectively below a "standard of reasonableness" and prejudice from the lacking representation. *See Strickland v. Washington*, 466 U.S. 668 (1984). There is no need to assess whether Petitioner's counsels were objectively below a standard of reasonableness because there was no prejudice to the Petitioner. Petitioner claims that his attorney's CPL § 30.30 motion was defective because "it did not have the necessary [a]ddress and time of the Court, which made the [m]otion…[v]oid." (ECF No. 2 at 6.) However, the record demonstrates that the state court denied the motion for substantive reasons; therefore, there is no prejudice to the defendant for any alleged procedural defects in the motion. Petitioner also claims that his attorneys should have contested the indictment and felony complaint because the indictment and complaint omitted certain *Rosario* and *Brady* materials.[5] However, the state court decision denying Petitioner's CPL § 440.10 motion unequivocally lays bare why the alleged omitted and undisclosed materials were not *Rosario* or *Brady* materials. Thus, there was no prejudice or constitutional violation for any alleged failure to contest the indictment or complaint by any of Petitioner's five attorneys.

The remaining claim asserting that was no probable cause for Petitioner's arrest, and the incident search, is a Fourth Amendment claim. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief." *Stone v. Powell*, 428 U.S. 465, 495 (1976). Therefore, the state provided a "full and fair litigation" of his arrest and search claim, which bars habeas relief. *Powell*, 428 U.S.

---

Magistrate Judge Netburn already afforded Petitioner a stay to provide Petitioner an opportunity to exhaust his claims. (ECF No. 48.)
[5] *See Brady v. Maryland*, 373 U.S. 83 (1963); *People v. Rosario*, 9 N.Y.2d 286 (1961).

4

at 469, 495.[6] The other remaining claim distills into an allegation that the State violated its own jurisdictional laws. However, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Accordingly, "[v]iolations of state law [] do not provide a basis for federal habeas relief." *McKelvey v. Bradt*, No. 13CV3527 (CM) (DF), 2016 WL 3681457, at *12 (S.D.N.Y. July 6, 2016). Consequently, the second remaining claim is also dismissed on its merits.

Respondent's motion to dismiss Petitioner's unexhausted claims is GRANTED. The remaining claims lack any cognizable merit. Therefore, the habeas corpus petition is dismissed in its entirety.[7] The Clerk of Court is directed to close the motion, (ECF No. 24), accordingly.

Dated: March 29, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

---

[6] In addition, and as the state court found, Petitioner's guilty plea provides no basis to contest whether there was probable cause for his arrest.

[7] It is to be noted that while unexhausted claims are dismissed without prejudice, the one year statute of limitations may preclude Petitioner from bringing a timely successive petition after exhaustion. *See Artuz*, 254 F.3d at 378-79 ("If his petition contains unexhausted claims that he wishes to pursue, he must return to state court and exhaust these claims. Finally, he must make sure that he has complied with the one-year statute of limitations that AEDPA establishes for filing habeas petitions.").