**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN WALDEN,                                     :
                                                 :
                              Petitioner,         :            MEMORANDUM DECISION
                                                 :                AND ORDER
              -against-                           :
                                                 :            19-CV-11409 (GBD) (SN)
WALCOTT, *Superintendent,*                       :
                                                 :
                              Respondent.         :
                                                 :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GEORGE B. DANIELS, United States District Judge:

      Petitioner John Walden, *pro se*, seeks a writ of habeas corpus in accordance with 28 U.S.C.

§ 2254, challenging his conviction of nine counts of third-degree burglary and his sentence of

aggregate term of 6 to 12 years in prison. (Pet. for Writ of Habeas Corpus ("Habeas Pet."), ECF

No. 2. at 8.)

      Before this Court is Magistrate Judge Sarah Netburn's February 5, 2025 Report and

Recommendation (the "Report"), recommending that Petitioner's petition be denied in its entirety.

(Report and Recommendation to Hon. George B. Daniels (the "Report"), ECF No. 148.) Petitioner

mailed a document to this Court on February 12, 2025, titled "Letter Motion, Pursuant to Rule

§12(f), To Strike and Object, In violation Federal Rule §11, 19-CV-11409 (U.S.C.A. 23-135)",

purporting to contain objections to the Report. (Objection to Report and Recommendations ("Obj.

to Report"), ECF No. 154, at 1–2.)[1]   These objections were purely cursory and contained no

---

[1] This document was docketed on June 2, 2025.

cognizable arguments. (*See id.*) Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I.  BACKGROUND[2]

### A.  Criminal Conviction and Post-Conviction Appeals

On October 5, 2017, Petitioner pleaded guilty in New York State Court, New York County, to nine counts of burglary. (State Ct. Tr., ECF No. 112-3, at 3–38.) Prior to sentencing, Petitioner moved to withdraw his guilty plea; defense counsel declined to adopt that motion. (*Id.* at 40–50.) The trial court denied Petitioner's motion, stating that the Petitioner's allegations lacked merit. (*Id.* at 48–49.) Petitioner was eventually sentenced as a second felony offender to a sentence of 6 to 12 years in prison. (*Id.* at 49.)

After judgment was entered, Petitioner challenged his conviction by pursuing three different opportunities for relief: a direct appeal, a motion to vacate his judgment under N.Y. Criminal Procedure Law ("CPL") § 440.10, and a proceeding under Article 78. (Report at 1.)

### B.  Direct Appeal

Petitioner did not complete the necessary steps to effectively pursue his direct appeal. (State Ct. Rec., ECF No. 112-2, at 141–50.) After his appeal was withdrawn, Petitioner did not file a new notice of appeal by the 30-day deadline, nor did he request a late notice of appeal afterwards. (Report at 2.)

### C.  § 440.10 Motion

On December 5, 2017, Petitioner filed a § 440.10 Motion, which initially included five claims and was then amended to include three additional claims. (State Ct. Rec. at 55, 82.) The

---

[2] The factual and procedural background of this case has been discussed at length in the Report. Besides any distinctions made in this Decision, this Court appropriately incorporates such background by reference.

trial court denied this motion and reaffirmed his conviction. (State Ct. Rec. at 107.) The court held that: (1) any omissions in the felony complaint did not provide a basis for relief because the prosecution is not required to include all information in the complaint; (2) the alleged omission did not violate *People v. Rosario*, 9 N.Y.2d 286 (1961); (3) the evidence raised by Petitioner was not material required to be produced under *Brady v. Maryland*, 373 U.S. 83 (1963); (4) Petitioner's claim regarding the prosecution's request for a DNA swab "was a matter of record, which can or could have been raised on defendant's direct appeal from the judgment . . . [and] is procedurally barred"; (5) Petitioner's claim regarding the indictment and grand jury proceedings were procedurally barred; (6) Petitioner's claim for ineffective counsel had no merit; (7) Petitioner's claim regarding the search was procedurally barred and meritless; (8) Petitioner's illegal search claim did not provide a basis for relief because the Petitioner pled guilty before the trial court could hear that issue; (9) Petitioner's claim that "there was not a valid [superior court information]" was without merit because Petitioner had been prosecuted by an indictment; and (10) Petitioner's claims that the "indictment was jurisdictionally or otherwise defective" and that the court lacked subject matter jurisdiction were without merit. (*Id.* at 111–13.)

Thereafter, Petitioner sought leave to appeal the trial court's denial but attached only a copy of his *amended* § 440.10 motion, which failed to include all claims raised in the initial § 440.10 motion. (*Id.* at 114–22.) The New York Supreme Court, Appellate Division denied Petitioner leave to appeal to the New York Court of Appeals. (*Id.* at 125.)

### D. Article 78 Petition

Petitioner filed an Article 78 petition pursuant to New York Civil Practice Law and Rules on December 13, 2018. (*Id.* at 126–38.) The petition's claims related to jurisdiction, grand jury proceeding inadequacies, ineffective counsel, prosecutorial misconduct, and improper and illegal

resentencing. (*Id.*) On March 21, 2019, the Appellate Division denied Petitioner's Article 78 petition and the Petitioner did not move for leave to appeal the denial. *Matter of Walden v. Goldberg*, 170 A.D.3d 565 (1st Dep't 2019); (Report at 3.)

## II. HABEAS PETITION: PROCEDURAL BACKGROUND

### 1. Initial Federal Habeas Petition, Motion to Dismiss, and Stay and Abeyance Order

On December 12, 2019, this Court received Walden's petition for a writ of *habeas corpus* including the following nine claims: (1) the police lacked probable cause when they arrested and questioned Petitioner and searched Petitioner's home ("Ground One"); (2) Petitioner's guilty plea was not knowing and voluntary because his attorneys misled him about the existence of certain evidence and the validity of his indictment ("Ground Two"); (3) the Court's denial of the motion to withdraw his plea violated his constitutional rights ("Ground Three"); (4) the state court erred in not holding a hearing regarding his coerced plea claim ("Ground Four"); (5) all five of his attorneys were ineffective ("Ground Five"); (6) the state court lacked subject matter jurisdiction due to flaws during the grand jury presentation and indictment ("Ground Six"); (7) the state court lacked jurisdiction due to defective paperwork ("Ground Seven"); (8) the state falsified a laboratory report and the affirmation in which they sought a DNA sample from him ("Ground Eight"); and (9) Petitioner was illegally sentenced and illegally resentenced ("Ground Nine"). (*See* Habeas Pet.; Mem. of L. In Support of Mot. to Dismiss, ECF No. 26 at 1–2.)

Respondent filed a motion to dismiss the petition as unexhausted. (Mot. to Dismiss the Habeas Pet., ECF No. 24.) Magistrate Judge Netburn stayed the case until May 24, 2021, allowing the Petitioner to pursue any unexhausted claims in state court. (Stay & Abeyance Order, ECF No. 48.) On November 22, 2021, Magistrate Judge Netburn lifted the stay. (Order, ECF No. 60.)

### 2. Motion to Dismiss Decision

On March 29, 2022, this Court granted in part and denied in part the Respondent's Motion to Dismiss. (Order, ECF No. 67.) In its analysis, this Court dismissed the following six claims as unexhausted: (1) the involuntary plea (Ground Two); (2) the denial of Petitioner's motion to withdraw his plea (Ground Three); (3) Petitioner's ineffective assistance of counsel claims (Ground Five), excluding the claims that his attorneys misled him and that his attorney's CPL 30.30 motion was flawed; (4) the fraudulent indictment (Ground Six); (5) the lab report regarding the Petitioner's DNA sample (Ground Eight); and (6) the illegal resentencing as a predicate felon (Ground Nine). (*Id.* at 2–3.) In sum, this Court deemed at least parts of Grounds Two, Three, Five, Six, Eight, and Nine from Petitioner's habeas petition unexhausted and granted the Motion to Dismiss on those grounds.

This Court then dismissed the following claims on the merits: (1) the police lacked probable cause to arrest, search, and question the Petitioner; (2) the Petitioner's attorney's CPL 30.30 motion was defective; (3) the Petitioner's attorney should have contested the indictment and felony complaint for having omitted *Rosario* and *Brady* materials; and (4) the state court lacked jurisdiction. (*Id.* at 3–5.) In other words, the remaining parts of Ground Five and all of Ground Seven were dismissed on the merits.

In sum, this Court granted the Respondent's Motion to Dismiss Petitioner's unexhausted claims and dismissed the remaining claims on the merits, thus dismissing the entire habeas petition. (*Id.* at 5.)

### 3. Remand from the Court of Appeals for the Second Circuit

On February 14, 2024, the Second Circuit remanded the case to this Court to consider whether any of Petitioner's unexhausted claims were procedurally barred. (USCA Mandate, ECF

No. 85.) The mandate provided this Court four options if it deemed Petitioner's claims unexhausted: (1) deny the unexhausted claims on the merits under 28 U.S.C. § 2254(b)(2); (2) dismiss the entire petition without prejudice; (3) stay the proceedings; or (4) provide Petitioner an opportunity to abandon the unexhausted claims and proceed on only the exhausted claims. (*Id.*)

### 4. Petitioner's Supplemental Habeas Petition

Petitioner filed a letter dated April 4, 2024 that supplemented his Petition with the following four claims: (1) Petitioner's 34-month pre-trial detention violated the Sixth Amendment ("Ground Ten"); (2) the prosecution's alleged failure to send Petitioner notice of the Supreme Court, New York County's decision denied him the right to appeal ("Ground Eleven"); (3) the Appellate Division improperly denied Petitioner's application for leave to appeal the Supreme Court, New York County's decision ("Ground Twelve"); and (4) the police searched Petitioner's cell phone based on a "fraudulent duces tecum order" ("Ground Thirteen"). (*See* Supplemental Petition ("Suppl. Pet."), ECF No. 97; Mem. of Law in Opp. ("Resp't Opp'n"), ECF No. 111, at 18.)

## III. LEGAL STANDARDS

### A. Reports and Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citations omitted) (internal quotation marks omitted). The court must review *de novo*

the portions of a report to which a party properly objects. (*Id.*) However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

Courts must liberally construe a "pro se petition 'to raise the strongest arguments' it suggests." *Davis v. Walsh*, No. 08 Civ. 4659 (PKC), 2015 WL 1809048, at *1 n.1 (E.D.N.Y. Apr. 21, 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006)) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, (2007)). Pro se status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citation omitted). Here, Petitioner filed a two-page letter containing "objections" that are conclusory and contain no cognizable legal claims. (*See* Obj. to Report at 1–2.) Instead, he claims repeatedly that the Report is "falsified" or "fabricated" and provides no factual or legal bases for his objections. (*See id.*) His objections are therefore entirely conclusory and general, and do nothing more than reiterate a few of his original broad arguments. This Court thus reviews the Report for clear error.

### B. Federal Habeas Corpus

A state prisoner may apply for a writ of habeas corpus from a federal court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a). Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may grant habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings only if a state prisoner has shown that the state court adjudication from which he seeks relief was (1) "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court

of the United States" at the time of the decision or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). To satisfy the first element, the state court ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. 415, 420–21 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011))(internal quotations omitted).

## C. Exhaustion of State Remedies

As a prerequisite to obtaining federal court review of a habeas corpus petition, those in state custody must exhaust all state judicial remedies—typically accomplished by presenting the claims to a state's highest court. 28 U.S.C. § 2254(b)(1)(A); *see Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014); *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). A petitioner has not exhausted a claim until they have "fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (internal quotation marks omitted).

If a petitioner has not exhausted all his state court remedies, a district court may consider the petition only if there is "no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A petitioner who brings a claim through improper state channels has not exhausted that claim. *See Dean v. Smith*, 753 F.2d 239, 241 n.4 (2d Cir. 1985). Nevertheless, pursuant to 28 U.S.C. § 2254(b)(2), a district court may deny unexhausted claims on the merits. *See Lindh v. Murphy*, 521 U.S. 320, 334 n.7 (1997); *Rhines v. Weber*, 544 U.S. 269, 277 (2005); (Report at 9 (citing cases)).

### D. Procedural Bars

If a federal claim would have been procedurally barred in state court, the claim need not be presented to a state court first; in other words, a constitutional claim that would have been barred in state court is deemed exhausted and procedurally defaulted. (*See* Report at 9); *Grey v. Hoke*, 933 F.2d 117, 120–21 (2d Cir. 1991). The passing of a statutory time limit for applications for leave to appeal is not considered a procedural bar in state court. (*See* Report at 10) (citing *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)). Here, Petitioner failed to seek leave to appeal before the deadline; thus, the state court has not procedurally defaulted his appeal. Petitioner's unexhausted claims are therefore not procedurally barred and remain unexhausted. This Court nevertheless denies them on the merits.

## IV. PETITIONER'S HABEAS PETITION IS DENIED

### A. Unexhausted Claims Remanded From the Second Circuit Court of Appeals

This Court considers the following six claims unexhausted due to Petitioner's failure to raise them on direct appeal or in the § 440.10 motion. As discussed above, these claims are not procedurally barred. This Court denies each of these claims as plainly meritless.

#### 1. Petitioner's Guilty Plea was Knowing and Voluntary; his Motion to Withdraw His Plea Was Not Wrongly Denied.

Petitioner alleges that his guilty plea was not voluntary, knowing, and intelligent because counsel misguided him regarding evidence, did not notify him that the indictment was invalid, forced him to plead guilty, and misinformed him about the decision to plead guilty. (Habeas Pet. at 1, 3.) Petitioner also claims that the trial court violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments when it denied his motion to withdraw his plea, since

his plea was the result of coercion. (*Id.* at 2, 3.) Both of these claims are plainly meritless and are therefore denied.

### a. Ineffective Assistance of Counsel

To establish that a guilty plea was not knowing or voluntary, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Petitioner was represented by a succession of five different lawyers. Petitioner makes broad claims that (1) his attorneys misled him about DNA and other evidence, (2) his attorneys did not inform him that the indictment was invalid, and (3) his attorneys gave him deficient advice regarding the decision to plead guilty. (Report at 14; Habeas Pet. at 3–15.) He also claims that he was entitled to withdraw his plea because of his attorneys' coercion. (Habeas Pet. at 15.) But Petitioner does not provide any evidence of this misconduct or that the indictment was deficient in any way, rendering his claims purely conclusory. (*See* Report at 15.) Moreover, his knowing, voluntary, and intelligent plea, as well as his sworn statements during his allocution, directly contradict these claims and render any argument that his indictment was invalid moot. (*See id.* at 14–17.) Thus, Magistrate Judge Netburn correctly found that Petitioner has not made either showing required in *Strickland*, and Petitioner has therefore failed to demonstrate ineffective assistance of counsel.

### i.  Defense Counsel #1

Petitioner claims that Defense Counsel #1 waived the Petitioner's right to testify during the grand jury proceeding and the reading of the indictment at his arraignment, and possessed fabricated evidence related to the Petitioner's case. (Habeas Pet. at 4–5.)

Courts in this district regularly reject claims of ineffective assistance of counsel based on the defendant being prevented from testifying before a grand jury, primarily because a conviction establishes guilt and therefore precludes any finding of prejudice to the defendant. *See Bramble v. Smith*, No. 96-CV-5905, 1998 WL 395265, at *18 (S.D.N.Y. July 15, 1998) ("Nonetheless, even if counsel failed to inform Petitioner of his right to testify before a grand jury, this does not state a claim for ineffective assistance of counsel under *Strickland* because Petitioner cannot show prejudice."); (Report at 20–21 (citing cases).) Importantly, the right to testify before a grand jury is a statutory right, not a constitutional right. *See Bramble*, 1998 WL 395265, at *18. In addition, Petitioner has not provided this Court with any evidence that Defense Counsel #1 possessed any fabricated evidence. (Report at 21.) Nor has he shown how Defense Counsel #1's failure to read the Petitioner's indictment at the arraignment falls below an objective standard of reasonableness and therefore prejudiced his case. (*Id.*) In sum, Petitioner's allegations against Defense Counsel #1 for ineffective assistance of counsel are wholly conclusory and without merit, and are therefore denied. *See Brizard v. United States*, No. 11-CV-6033, 2013 WL 1809636, at *5 (S.D.N.Y. Apr. 30, 2013) (finding that a conclusory statement was not enough to support ineffective assistance of counsel claim).

### ii.    *Defense Counsel #2*

Petitioner claims that attorney Defense Counsel #2 did not file motions to dismiss the indictment and suppress evidence on the Petitioner's behalf, filed motions after the deadlines, and failed to provide the Petitioner with copies of the motions. (Habeas Pet. at 5–6.) None of these claims are supported by the record. The record shows that Defense Counsel #2 timely filed an omnibus motion to dismiss the indictment and suppress evidence on October 30, 2015, as well as

other relevant papers. (State Ct. Rec. at 9–18.) Thus, Petitioner's ineffective assistance of counsel claim is denied as to Defense Counsel #2.

### iii.    Defense Counsel #3

Petitioner claims that the motion to suppress evidence filed by Defense Counsel #3 was deficient because it failed to include the hearing location and time and was never actually filed. (Habeas Pet. at 6–7.) There is no evidence or support, in his petition or elsewhere, for the contention that a failure to include the hearing location and time in a motion to suppress is sufficient to find ineffective assistance of counsel. (Report at 22.) Moreover, the motion was filed and eventually denied on the merits by the trial court, which precludes any finding of prejudice to Petitioner. (State Ct. Rec. at 112–13.) Thus, Petitioner's claim for ineffective assistance of counsel claim is denied as to Defense Counsel #3.

### iv.    Defense Counsel #4

Petitioner claims that Defense Counsel #4 never filed a motion to dismiss or motion to suppress evidence on the Petitioner's behalf. (Habeas Pet. at 7.) Petitioner additionally claims that Defense Counsel #4 argued with him regarding motions and evidence related to the case. (*Id.*) Two of his prior attorneys had both filed motions to dismiss and to suppress evidence. (*See* Report at 22–23.) Those motions were denied. (*Id.*) Petitioner would therefore need to show additional facts or evidence that support a filing of a third such motion. He provides no such evidence. (*Id.*) Thus, Petitioner has not sufficiently shown that the decision by Defense Counsel #4 not to file

these motions was anything other than an unchallengeable strategic decision under *Strickland*. (*See id.*); *Strickland*, 466 U.S. at 690–91. Petitioner's claim against Defense Counsel #4 is denied.

### v.    Defense Counsel #5

Petitioner claims that Defense Counsel #5 was ineffective because she failed to adopt his motion to withdraw during sentencing, admitted to being ineffective, and failed to file an omnibus motion. (Habeas Pet. at 8.)

At sentencing, the Petitioner moved, *pro se*, to withdraw his plea. This motion was denied on the grounds that he pleaded guilty voluntarily, knowingly, and intelligently. In addition, the court stated that the Petitioner's claim was "completely without merit." (State Ct. Tr., at 42:5–20.) The failure to adopt this meritless motion is not enough to find Defense Counsel #5 ineffective.

*See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001).

Further, this Court finds no evidence that Defense Counsel #5 ever admitted on the record that she was ineffective. In fact, the record shows the opposite. At sentencing, she explained that she never intentionally ignored Petitioner's phone calls nor purposely withheld documents. (*See* State Ct. Tr. at 23–24.) In addition, she stated that she read his motion to withdraw and decided not to adopt it. (*Id.* at 45–47.) The court acknowledged her statements and denied Petitioner's motion to withdraw. (*Id.*)

Finally, the Petitioner's claim regarding the failure of Defense Counsel #5 to file an omnibus motion is without merit. The record reflects such a motion was filed on August 17, 2017. (State Ct. Rec. at 47–50.) Therefore, Petitioner's claim against Defense Counsel #5 is denied.

In sum, since all of Petitioner's ineffective assistance claims are plainly meritless, Ground Five is denied.

*b. Voluntary, Knowing, and Intelligent Plea*

Petitioner alleges that his sentence was imposed in violation of the Constitution because his guilty plea was not made knowingly, voluntarily, and intelligently.

"It is beyond dispute that a guilty plea must be both knowing and voluntary." *Parke v. Raley*, 506 U.S. 20, 28 (1992); *see Brady v. United States*, 397 U.S. 742, 748 n.5 & 6 (1970) (collecting cases). "That is so because a guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *Parke*, 506 U.S. at 29 (citation omitted). Thus, a guilty plea is constitutionally infirm under the Due Process Clause of the Fifth Amendment if it is not made knowingly and voluntarily. *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (citing *Brady*, 397 U.S. at 748).

A plea is made knowingly "if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988) (citing *Brady*, 397 U.S. at 750). Similarly, a plea is made voluntarily if the defendant is "fully aware of the [plea's] direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel . . . unless induced by threats . . . misrepresentation . . . or by promises that are by their nature improper." *Brady*, 397 U.S. at 755 (citation and quotation marks omitted); *see also Miller*, 848 F.2d at 1320 (a defendant's plea "is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally").

Petitioner argues that his guilty plea was not made knowingly and voluntarily because he was coerced into pleading guilty, violating his Fourth, Fifth, Sixth, and Fourteenth amendment

rights. (Habeas Pet. at 2.) However, the record provides no evidence for this claim. Petitioner was represented by counsel at his change of plea hearing and was given an opportunity to review evidence at that hearing. (State Ct. Tr. at 4–5; 9–10.) During his plea allocution, Petitioner provided sworn statements, including that he felt well and that his mind was clear, that he understood the rights he was waiving, and that he was pleading guilty "voluntarily and of [his] own free will." (*See id.* at 14–18.) Petitioner engaged directly with the court and his counsel during his allocution, including by seeking clarification regarding multiple topics, reviewing evidence, and confirming that he was satisfied with his counsel's representation. (*See id.* at 14–36.) These statements, as well as the circumstances surrounding his plea and his level of engagement during the plea allocution, are sufficient to establish that he was competent to enter his guilty plea. (*See* Report at 17–18.) Based on Petitioner's statements and the trial court's observations of his appearance and demeanor, the court determined that he was fully competent to enter an informed plea. (State Ct. Tr. at 14–16.) "Given that solemn declarations in open court carry a strong presumption of verity and given the strong societal interest in the finality of guilty pleas, a defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw his guilty plea." *United States v. Gonzalez*, 647 F.3d 41, 56–57 (2d Cir. 2011) (cleaned up). Petitioner has failed to demonstrate that his physical or mental condition rendered his guilty plea unknowing or involuntary. Therefore, he has failed to show that his sentence was imposed in violation of the Constitution on this basis, and his claim for habeas relief on the grounds that his plea was not knowing, voluntary, or intelligent (Ground Two) is denied.

Further, a state judge's denial of a motion to withdraw a guilty plea is generally not subject to habeas corpus review unless the plea was not entered intelligently or voluntarily. *See United States ex rel. Irving v. Henderson*, 371 F. Supp. 1266, 1276–77 (S.D.N.Y. 1974); *Martuzas v. Reynolds*, 983 F. Supp. 87, 94 (N.D.N.Y. 1997). As discussed above, Petitioner's plea was voluntary, knowing, and intelligent. Thus, this Court denies Petitioner's claim for habeas relief on the grounds that his motion to withdraw his guilty plea was wrongfully denied (Ground Three).

## 2. Lack of Subject Matter Jurisdiction and Grand Jury Deficiencies

Petitioner claims that the state court lacked subject matter jurisdiction due to deficiencies during the grand jury presentation, in the grand jury transcripts, and in the indictment. (Habeas Pet. at 9–10.) Petitioner claims, *inter alia*, that the grand jury minutes were falsified, did not contain a proper front or back page, included no foreman signature, included no list of witnesses, had missing pages, and was never certified or filed with the state's criminal court.[3] (*Id.*)

Because Petitioner's guilty plea was knowing and voluntary, as discussed above, Petitioner's claims regarding errors during the grand jury proceedings and subsequent indictment are not cognizable on federal habeas review. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) ("This appeal, by contrast, does put in issue whether the specified claims of deficiencies in the state grand jury proceedings are cognizable in a habeas corpus proceeding. . . . [W]e conclude they are not."); *United States v. Mechanik*, 475 U.S. 66, 70 (1986) ("Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless

---

[3] Because this claim is record based, it would be properly raised on direct appeal. (Report at 24.) As the Petitioner has not completed his direct appeal, the claim is unexhausted. Since the claim is plainly meritless, however, it is denied.

beyond a reasonable doubt."); (Report at 25.)[4]  Thus, this claim (Ground Six) provides no basis for habeas relief and is denied.

### 3.  The Record Does Not Prove Prosecutorial Misconduct

Petitioner's eighth claim alleges prosecutorial misconduct including the following: failing to disclose exculpatory evidence; falsifying documents such as the felony complaint, indictment, grand jury minutes, motion for a DNA sample, DNA laboratory report, and predicate felon statement; presenting evidence to the grand jury without authorization; and committing other improprieties during the grand jury proceedings. (*See* Habeas Pet. at 1–2, 9–15.)

Petitioner raised some of these claims—related to omissions in the felony complaint—in his § 440.10 motion. (State Ct. Rec. at 55–60.)  In denying his motion, the court found that those claims were meritless because the felony complaint complied with all legal requirements and was in no part defective. (*Id.* at 111.)  Under AEDPA, this Court defers to the § 440 court's findings regarding the felony complaint since Petitioner has provided no evidence that the state court was incorrect. 28 U.S.C. § 2254(e) ("[A] determination of a factual issue made by a State court shall be presumed to be correct"); (*See* Report at 26.)

When a petitioner has knowingly and voluntarily pleaded guilty, claims of prosecutorial misconduct are typically deemed waived. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (finding that a defendant who pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); (*see also* Report at 27 (citing cases)).  As previously discussed, Petitioner's plea was voluntary,

---

[4] Moreover, the trial court inspected the grand jury minutes and found no error, and expressly determined that the grand jury evidence and proceedings were not defective. (*See* ECF No. 11-2 at 112; Report at 25.)

knowing, and intelligent. He makes no argument that he has not waived any prosecutorial misconduct claim or submits any reason for this Court to deem this waiver invalid.

Accordingly, his claims of prosecutorial misconduct (Ground Eight) are waived or without merit and denied.

### 4. No Violation of Due Process Rights Related to Illegal Resentencing

Petitioner claims that his due process rights were violated when he was sentenced as a predicate felon based on false information in a rap sheet that was missing a mugshot photo and was therefore later illegally resentenced. (*See* Habeas Pet. at 2–3, 5; Suppl. Pet. at 12.)

Petitioner has not provided any evidence that shows that the predicate felony statement or rap sheet contained false or incorrect information. (Report at 28.) The predicate felony statement was presented to Petitioner for review on the day of his guilty plea. (*See* State Ct. Tr. at 36–38.) He reviewed the statement with his attorney and told the court he did not wish to challenge the statement or his previous conviction. (*Id.* at 38.) Moreover, he was not illegally resentenced for his prior felony conviction; rather, he was sentenced under a separate, second felony statute due to his designation as a second felony offender. (*See* Report at 29.)

Thus, Petitioner's constitutional rights were clearly not violated by his designation and sentence as a second felony offender, and this claim (Ground Nine) is denied.

### B. Unaddressed Grounds in Petitioner's Initial and Supplemental Habeas Petitions

### 1. The State Court Did Not Err by Not Holding a Hearing for the § 440.10 Motion

Petitioner claims that the state court erred in not holding a hearing for the § 440.10 motion. (Habeas Pet. at 3.) Petitioner's claim is not cognizable for federal habeas review. Because states are not required to provide post-conviction mechanisms for seeking relief, any claims based on post-conviction proceedings are not reviewable by this Court under § 2254. (*See* Report at 30–

31); *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) (holding that "alleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief"). Petitioner's § 440.10 motion relates to post-conviction proceedings; thus, his claim that he was entitled to a hearing on that motion also relates to a post-conviction proceeding and is not cognizable on federal habeas review. (*See* Report at 30–31.) Therefore, Ground Four provides no basis for federal habeas relief and is denied.

## 2. Petitioner's Sixth Amendment Right to a Speedy Trial Was Not Violated

Petitioner alleges that his 34-month pre-trial detention was a violation of his Sixth Amendment right to a speedy trial. (Suppl. Pet. at 5.) However, Petitioner's pre-trial detention claims are not qualified for federal habeas review because Petitioner is not challenging the legality of his conviction. The Supreme Court has held that once a defendant has pleaded guilty, he may not subsequently raise independent claims alleging a deprivation of constitutional rights before the entry of his plea. *Henderson*, 411 U.S. at 267; *see Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973) (holding that a conviction moots the issue of "the legality of . . . continued pretrial detention."); (Report at 31–32.) More generally, the Second Circuit has held that a knowing and voluntary guilty plea waives all claims regarding non-jurisdictional defects, including a speedy trial claim, in prior proceedings. (*See* Report at 32); *Lebowitz v. United States*, 877 F.2d 207, 209–10 (2d Cir. 1989). Here, Petitioner has pleaded guilty. He is therefore barred from now raising a claim that his pretrial detention violated his constitutional rights. That claim (Ground Ten) is denied.

3.  Failure to Provide Notice of the § 440.10 Decision and Improper Denial of Application for Leave to Appeal § 440.10 Decision

Petitioner claims that the State did not send him notice of Supreme Court, New York County's denial of his § 440.10 motion, which resulted in a denial of his right to appeal that decision. (Suppl. Pet. at 7–8.)  He also claims that the decision was fraudulently manufactured. (*Id.*)  In addition, Petitioner alleges that the Appellate Division improperly denied his application for leave to appeal the denial of his § 440.10 motion.  (*Id.* at 7.)  These claims are plainly meritless and not cognizable during federal habeas review because they do not raise a federal constitutional violation.

*a.  Failure to Send Petitioner Notice of the § 440.10 Denial*

Pursuant to N.Y. CPLR 5513(a), a losing party must be served a copy of the judgment or order and notice of its entry.  An appellant has 30 days from the service of judgment to file an appeal.  Here, the Supreme Court, New York County denied Petitioner's § 440.10 motion on August 10, 2018.  (State Ct. Rec. at 107–13.)  There is no evidence regarding service of that decision upon Petitioner.  Nonetheless, the issue is moot because it relates to a state law procedure and not a federal right cognizable for habeas review.  More notably, Petitioner filed a request for a certificate of leave to appeal on November 30, 2018.  (*See id.* at 114; Report at 33.)  That request was denied because it did not raise a cognizable question of law or fact.  (*See* State Ct. Rec. at 125.)  Clearly, then, Petitioner was never denied his right to appeal, given that he successfully filed a request for a certificate of leave to appeal the § 440 court's decision.  Finally, the state court decisions Petitioner takes issue with were soundly and logically reasoned, and there is no evidence that they were fraudulently manufactured in any way.  (See Report at 33.)  Thus, this claim (Ground Eleven) is without merit and denied.

### b. *Application for Leave to Appeal § 440.10 Denial*

Allegations of an appellate court wrongly denying an application for discretionary leave to appeal are generally not cognizable for federal habeas review. *See MacLeod v. McCarthy*, No. 20-CV-01680, 2024 WL 3022587, at *7 (W.D.N.Y. June 17, 2024) ("[A]n appellate court's denial of a discretionary leave to appeal does not raise a constitutional issue cognizable on federal habeas review."); (Report at 33–34 (citing cases).) Petitioner raises no argument as to why this Court should depart from that precedent here. Thus, his argument that the Appellate Division improperly denied appellate review of his § 440.10 motion denial does not raise an addressable issue for this Court to review. This claim (Ground Twelve) provides no basis for habeas relief and is denied.

### 4. Petitioner's Fourth Amendment Right Was Not Violated

Petitioner's final claim involves the search warrant police obtained to search his cell phone. (Suppl. Pet. at 15.) Petitioner claims that the search warrant was generated with a "manufactured falsified address to search and that was used to illegally search the petitioner and his home." (*Id.* at 11.)

As discussed before, a knowing and voluntary guilty plea generally precludes habeas claims regarding earlier constitutional issues unrelated to the validity of the conviction itself. *See supra*; (Report at 34–35); *Haring v. Prosise*, 462 U.S. 306, 321 (1983) (holding that "a Fourth Amendment claim . . . is irrelevant to the constitutional validity of the conviction."). Given Petitioner's knowing and voluntary plea, his Fourth Amendment claim regarding the validity of the search warrant is not cognizable for habeas relief. Moreover, the Supreme Court has held that habeas relief is barred when the petitioner had the opportunity for full and fair litigation for their Fourth Amendment claims. *See Stone v. Powell*, 428 U.S. 465, 466 (1976). Here, Petitioner's counsel filed pretrial motions disputing the validity of the search warrant and seeking to suppress

"all evidence seized as a result of the execution of said warrant." (State Ct. Rec. at 27–32.) That motion was denied on the grounds that "the search warrant was valid and supported by probable cause." (*Id.* at 112–13.)

Therefore, Petitioner's claim regarding the validity of his search warrant (Ground Thirteen) contains no basis for habeas relief and is therefore denied.

## V. Additional Relief

Petitioner moves for a hearing pursuant to Local Civil Rule 6.1, a Rule relating to the service and filing of motion papers. (Mot. for Hearing, ECF No. 107; Local Civ. R. 6.1.) That Rule does not entitle Petitioner to a hearing. (*See* Report at 35.)

Petitioner also moves to strike Respondent's opposition to his habeas petition pursuant to Federal Rules of Civil Procedure 11 and 12(f). (Mots. to Strike, ECF No. 119–20.) A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Magistrate Judge Netburn analyzed Respondent's opposition and correctly determined that it complied with all federal rules and was based in sound evidence and law. (*See* Report at 35.)

Therefore, Petitioner's motions are denied.

## CONCLUSION

Magistrate Judge Netburn's Report is ADOPTED IN FULL. Walden's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2), is DENIED. Furthermore, as Walden has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see Tankleff v. Senkowski*, 135 F.3d 235, 241–42 (2d Cir. 1998). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal in this case would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 443-44 (1962).

The Clerk of Court is directed close the motion accordingly, and to mail a copy of this memorandum decision and order to Petitioner.  The Clerk of Court is also directed to close the above-captioned case.

Dated:  July 28, 2025
        New York, New York

                                    SO ORDERED.

                                    GEORGE B. DANIELS
                                    UNITED STATES DISTRICT JUDGE